IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-2371

MADISON REEB,

    Plaintiff,

v.

CRADLE TO CRAYONS, LLC,

    Defendant.

---

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

---

COMES NOW the Plaintiff, Madison Reeb, by and through undersigned counsel, Patrick & Knoebel, LLC, and for Plaintiff's Complaint against the above-captioned Defendant, Cradle to Crayons, LLC, states and alleges as follows:

## NATURE OF THE CASE

This is an employment discrimination case arising from the discriminatory treatment of Madison Reeb ("Ms. Reeb") by her former employer Cradle to Crayons, LLC ("Cradle to Crayons"). Ms. Reeb is a woman. Ms. Reeb was subjected to sex discrimination, based on her protected status as a pregnant female, a hostile work environment, and separation from employment/constructive discharge. The discriminatory actions of Cradle to Crayons violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq. as amended* ("Title VII").

## PARTIES

1. Plaintiff, Ms. Reeb, is an individual who at all material times hereto was a citizen of the United States of America and a resident of the State of Colorado.

2. Defendant, Cradle to Crayons, is a Colorado limited liability company with its principal office address located at 1921 Youngfield Street #204, Golden, Colorado 80401.

3. Defendant, Cradle to Crayons, operates a daycare business located at 1921 Youngfield Street #204, Golden, Jefferson County, Colorado 80401.

4. At all times material hereto, Defendant, Cradle to Crayons, employed Plaintiff, Ms. Reeb, at its daycare business located at 1921 Youngfield Street #204, Golden, Jefferson County, Colorado 80401.

5. At all times material hereto, Ms. Reeb was an employee within the meaning of 42 U.S.C. § 2000e(f).

6. At all times material hereto, Cradle to Crayons was an employer within the meaning of 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

7. This is an action under Title VII challenging the sex/pregnancy discrimination, hostile work environment, and separation from employment/constructive discharge committed by Cradle to Crayons against Ms. Reeb. Jurisdiction to decide all questions arising in this case lie in the United States District Court for the District of Colorado under 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(4), and Title VII.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant, Cradle to Crayons, resides in this judicial district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the employment acts and omissions giving rise to the claims set forth in the Complaint occurred in this district.

## ADMINISTRATIVE EXHAUSTION

9. Before filing this action, Ms. Reeb timely, properly, and lawfully exhausted all required administrative prerequisites, procedures, and remedies.

10. On March 1, 2019, and within 300 days of the acts of which she complains, Ms. Reeb timely and properly filed her charges of employment discrimination based upon sex/pregnancy against Cradle to Crayons with the Equal Employment Opportunity Commission ("EEOC") Charge No. 541-2019-01138 ("Charge").

11. On May 17, 2019, Ms. Reeb filed an Amended Charge of Discrimination with the EEOC.

12. On January 13, 2021, the EEOC issued a Determination finding reasonable cause to believe that Cradle to Crayons reduced Ms. Reeb's work hours after she notified them of her pregnancy, in violation of Title VII. The EEOC ordered the parties to engage in conciliation, which was unsuccessful.

13. On June 23, 2021, the EEOC issued to Ms. Reeb her EEOC Notice of Right to Sue. Ms. Reeb's counsel received the Notice of Right to Sue on that same date.

14. Ms. Reeb has exhausted her administrative remedies under 42 U.S.C. § 2000e-5.

15. Ms. Reeb timely and properly filed her claims under Title VII in this civil action within 90 days of receiving her Notice of Right to Sue from the EEOC. Ms. Reeb has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## GENERAL ALLEGATIONS

16. Cradle to Crayons operates a daycare business in Golden, Colorado.

17. In 2018, Ms. Reeb was hired by Cradle to Crayons as a full-time employee.

18. On July 9, 2018, Ms. Reeb started working for Cradle to Crayons as a full-time employee in the position of Toddler Float. Ms. Reeb's work duties as a Toddler Float included working

within Cradle to Crayons' toddler classrooms and assisting with daily meals, playtime, naps, diaper changes and story-time.

19. At all times material, Courtney Satery, Director and Owner of Cradle to Crayons, and Kim Staley, Co-Director of Cradle to Crayons, were Ms. Reeb's supervisors with authority to take tangible employment actions against her.

20. On the first week of Ms. Reeb's employment with Cradle to Crayons, July 9, 2018 through July 13, 2018, she was scheduled to work four ten-hour days in the full-time position for which she was hired.

21. During her first week of work, Ms. Reeb was pulled into an office by Kim Staley, the Co-Director for Cradle to Crayons. During this meeting, Ms. Reeb was interrogated by Ms. Staley about her pregnancy and her due date. Ms. Reeb shared with Ms. Staley that her due date was in November, and that she was intending to return to her full-time position after taking maternity leave. Ms. Staley expressed frustration toward Ms. Reeb regarding her November due date, and further, stated that Cradle to Crayons did not plan on having any staff out for maternity leave in November.

22. The nature and the subject-matter of the interrogation and the statements made by Ms. Staley to Ms. Reeb during the aforesaid meeting caused Ms. Reeb to become very uncomfortable and fearful that she was going to be fired. As a result, Ms. Reeb asked Ms. Staley if she was being fired. Ms. Staley advised Ms. Reeb that she was not going to be fired, but that her position was being changed from a full-time floater that only worked in the toddler classrooms to a full-time floater that worked throughout every classroom in the building.

23. At the end of the aforesaid meeting, Ms. Staley asked Ms. Reeb if she would be agreeable to working three (3) days the following week instead of (4) due to overstaffing issues. Ms. Staley advised Ms. Reeb that this would only be a one-week occurrence, and that she would be returned to her normal full-time work schedule. Ms. Reeb, still fearful of being fired, agreed to work only three (3) days the following week.

24. When Cradle to Crayons released the work schedule for the week of July 16, 2018, through July 20, 2018, Ms. Reeb was scheduled to work only two (2) days, not the three (3) days Ms. Staley told Ms. Reeb she would be scheduled.

25. During the week of July 16, 2018, Ms. Staley approached Ms. Reeb at work and again advised her that she would be returned to full-time hours the following week. As such, Ms. Reeb worked the two days that she was scheduled, anticipating that her hours would be returned to full-time the following week.

26. When Cradle to Crayons released the work schedule for the week of July 23, 2018, through July 27, 2018, Ms. Reeb was scheduled for only one (1) day of work. Ms. Reeb worked the one day that week, as scheduled.

27. On Sunday, July 29, 2018, Ms. Reeb emailed Courtney Satery, Owner and Director of Cradle to Crayons, requesting a copy of the work schedule for the upcoming week. In response, Ms. Satery emailed Ms. Reeb a copy of the schedule for the week of July 30, 2018, which had Ms. Reeb scheduled to work only two (2) days, which was still less than full-time hours.

28. On July 29, 2018, Ms. Reeb sent Ms. Satery an email asking why she was receiving part-time hours, as it was her understanding that she had been hired for a full-time position. Ms. Reeb

also explained to Ms. Satery that she had been told the reduction in her hours was a one-week occurrence, and that it was very stressful not being able to count on a full paycheck.

29. On July 29, 2018, Ms. Satery responded to Ms. Reeb's email, stating that "**we did hope to have you as a full time employee, however after you started and we found out you are pregnant, we simply cannot give you a full time classroom position**." In addition, Ms. Satery advised Ms. Reeb that Ms. Reeb's "**hours, days and classrooms can change**" going forward.

30. At this point, Ms. Reeb, needing a reliable and livable wage to prepare for the birth of her child and to support her family, had no other reasonable choice but to separate her employment with Cradle to Crayons.

31. At all times material, Ms. Satery and Ms. Staley were acting as agents on behalf of Cradle to Crayons.

32. Cradle to Crayons reduced Reeb's work hours after she notified them of her pregnancy, and because of her pregnancy, in violation of Title VII.

33. Cradle to Crayons, in confronting and interrogating Ms. Reeb about her pregnancy, and then reducing Ms. Reeb's work hours because of her pregnancy, created a workplace that permeated with discriminatory intimidation, ridicule, and/or insult that was sufficiently severe and/or pervasive to alter the conditions of Ms. Reeb's employment and created an abusive working environment.

34. Cradle to Crayons had made working conditions, due to its engaging in sex/pregnancy discrimination against Ms. Reeb, so intolerable that Ms. Reeb had no other reasonable choice but to separate from her employment with Cradle to Crayons on July 29, 2018.

35. Cradle to Crayons involuntarily separated and constructively discharged Ms. Reeb from her employment with Cradle to Crayons.

36. As a direct, foreseeable, and proximate result of the intentional unlawful conduct complained of herein, Ms. Reeb suffered injuries, damages, and other losses.

37. Ms. Reeb's damages include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and the loss of wages, earnings, income, other employment benefits, loss of employment, future pecuniary losses, and other damages to be determined at trial.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### [Sex/Pregnancy Discrimination – 42 U.S.C. § 2000e et. al. - Title VII]

38. Ms. Reeb hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

39. Ms. Reeb, as a pregnant female, is in the Title VII protected status based on her sex.

40. Cradle to Crayons reduced Ms. Reeb's work hours after she notified them of her pregnancy.

41. Ms. Reeb's sex/pregnancy was the proximate cause or a motivating factor for Cradle to Crayons' actions.

42. At the time Cradle to Crayons reduced Ms. Reeb's hours, Ms. Reeb was an employee within the meaning of 42 U.S.C. § 2000e(f) and Cradle to Crayons was an employer within the meaning of 42 U.S.C. § 2000e(b).

43. Cradle to Crayons reduced Ms. Reeb's work hours and otherwise discriminated against Ms. Reeb because of her sex/pregnancy in violation of 42 U.S.C. § 2000e-2.

44. Cradle to Crayons discriminated against Ms. Reeb with respect to her compensation, terms, conditions, and privileges of her employment, and/or otherwise adversely affected her status as an employee, subjecting her to an involuntary separation / constructive discharge from her employment with Cradle to Crayons.

45. Because of Cradle to Crayons' discriminatory conduct, Ms. Reeb suffered damages, including lost wages, loss of other employment benefits, and emotional distress.

## SECOND CLAIM

### [Sex/Pregnancy Harassment / Hostile Work Environment – Title VII]

46. Ms. Reeb hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

47. Title VII prohibits sex discrimination and harassment in the form of a hostile work environment, based on sex. 42 U.S.C. § 2000e-2(a)(1).

48. Cradle to Crayons, in consideration of all the facts, in a cumulative manner, created, permitted, and/or perpetuated a hostile and abusive work environment, based upon sex, against Ms. Reeb.

49. The conduct and interrogation directed at Ms. Reeb about her pregnancy, and the resulting reduction in Ms. Reeb's work hours because of her pregnancy, that was caused, permitted, encouraged, tolerated and/or allowed to perpetuate by Cradle to Crayons, subjected Ms. Reeb to materially adverse conduct which was unwelcome and offensive.

50. The conduct and interrogation directed at Ms. Reeb about her pregnancy, and the resulting reduction in Ms. Reeb's work hours because of her pregnancy, that was caused, permitted, tolerated and/or allowed to perpetuate by Cradle to Crayons, subjected Ms. Reeb to

materially adverse conduct which: (1) was sufficiently severe and/or pervasive as to adversely alter the terms, conditions, and privileges of Ms. Reeb's employment; (2) created an abusive working environment for Ms. Reeb, involving discriminatory intimidation, ridicule, and insult, causing her emotional and/or physical harm; and (3) was on the basis of sex in nature, and/or specifically and solely directed at Ms. Reeb, because of her Title VII protected class based upon sex.

51. Cradle to Crayons caused, created, permitted, tolerated and/or perpetuated the harassment and hostile environment of Ms. Reeb on the basis of sex by authorizing the interrogation of Ms. Reeb about her pregnancy and then reducing Ms. Reeb's work hours below the point where she could rely upon a consistent livable wage because of her pregnancy, thereby effectively discharging Ms. Reeb from employment.

52. Cradle to Crayons is liable for subjecting Ms. Reeb to the hostile work environment on the basis of her sex/pregnancy because Cradle to Crayons' owner and directors caused, created, tolerated, perpetuated and/or engaged in the same, and the harassment and hostile work environment resulted in Ms. Reeb's adverse tangible employment action, her constructive discharge.

53. In addition to, or in the alternative to the contention set forth in the above paragraph, Cradle to Crayons is liable for subjecting Ms. Reeb to the hostile work environment on the basis of sex claim because Ms. Reeb was subjected to sex/pregnancy harassment by its owner, director, and co-director.

54. Certain discriminatory conduct and comments of by Cradle to Crayons' owner, directors and supervisors, were individually sufficiently severe to materially alter the terms, conditions, and privileges of Ms. Reeb's employment resulting in a hostile and abusive work environment.

55. Each successive episode of Cradle to Crayons' discriminatory conduct towards Ms. Reeb, constituting the hostile work environment, had its predecessors, and the impact of the separate incidents accumulated such that the unlawful work environment created, exceeded the sum of any individual episode.

56. Cradle to Crayons' treatment of Ms. Reeb constitutes an unlawful, hostile work environment, based on sex/pregnancy, in violation of 42 U.S.C. § 2000e-2.

## REQUEST FOR RELIEF

**WHEREFORE,** Cradle to Crayons' unlawful conduct directly caused Ms. Reeb to suffer injuries, damages and losses.

**FURTHER,** Ms. Reeb respectfully requests this Court to enter judgment in her favor and against Defendant Cradle to Crayons on her claims and award the following relief under Title VII, and all applicable laws:

(a) To enter a judgment in favor of Ms. Reeb and against Cradle to Crayons, finding the acts of Cradle to Crayons constitute unlawful: (1) sex/pregnancy discrimination in violation of Title VII; and (2) sex discrimination, in the form of sex/pregnancy harassment and a hostile work environment based on sex, in violation of Title VII.

(b) To award Ms. Reeb back pay and actual damages in an amount to be shown at trial to compensate her for lost wages, benefits, and employment opportunities.

(c) To award Ms. Reeb front pay in an amount to be shown at trial.

(d) To award Ms. Reeb compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses, and all compensatory damages to which she is entitled.

(e) To award Ms. Reeb punitive damages.

(f) To award Ms. Reeb reasonable attorney's fees and costs of this litigation as provided under Title VII.

(g) To award Ms. Reeb pre-judgment and post-judgment interest at the appropriate rate provided by law, and all other legal and equitable relief, to which Ms. Reeb is entitled pursuant to any law, that this Court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Madison Reeb, hereby demands a trial by jury.

PATRICK & KNOEBEL, LLC

s/Tyler C. Patrick
Tyler Patrick
Corey Knoebel
2828 N. Speer Boulevard
Suite 140
Denver, CO 80211
tyler@patrickandknoebel.com
corey@patrickandknoebel.com
Attorneys for Plaintiff